**COUNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| GEORGE HEATH, | DOCKET NUMBER |
| Appellant, | DA-1221-12-0654-C-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: February 24, 2015 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

George Heath, Corona, California, pro se.

Norbert S. Walker, El Paso, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied the appellant's petition for enforcement.  For the reasons discussed below, we GRANT the petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2      The appellant, who was a GS-09 Animal Health Technician at the agency's William Beaumont Army Medical Center in El Paso, Texas, has, as described below, two distinct legal actions active before the Board, one involves the agency's two attempts to remove him, and the other involves this individual right of action (IRA) appeal, which is before the Board pursuant to the instant petition for enforcement.

¶3      On September 18, 2012, the appellant filed this IRA appeal in which he argued that the agency took away his supervisory duties in retaliation for his October and November 2011 disclosures of scientific misconduct. *Heath v. Department of the Army*, MSPB Docket No. DA-1221-12-0654-W-1 (W-1 File). The administrative judge denied the appellant's request for corrective action. W-1 File, Tab 39, Initial Decision (Dec. 13, 2012). The appellant filed a timely petition for review, which the Board granted, remanding the IRA appeal to the regional office based on its determination in *Day v. Department of Homeland Security*, 119 M.S.P.R. 589 (2013), that pursuant to the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, disclosures made in the normal course of one's job duties are not excluded from the definition of a protected disclosure, *Heath v. Department of the Army*, DA-1221-12-0654-W-1, Remand Order (Sept. 11, 2013).

¶4      In March 2013, during the adjudication of the appellant's IRA appeal, the agency proposed and effected the appellant's removal based on misconduct that it alleged occurred in February 2013, and the appellant filed a timely appeal. *Heath v. Department of the Army*, MSPB Docket No. DA-0752-13-0408-I-1. A different administrative judge reversed the appellant's removal because the agency violated the appellant's right to due process when the deciding official considered ex parte information in his penalty analysis. MSPB Docket No. DA-0752-13-0408-I-1, Tab 71, Initial Decision (Sept. 12, 2013). The agency did not file a petition for review. Instead, the agency issued an October 28, 2013 notice of proposed

removal on the same charges,[2] which it sustained in a January 17, 2014 decision, and which the appellant subsequently appealed. *Heath v. Department of the Army*, MSPB Docket No. DA-0752-14-0233-I-1. Also on October 28, 2013, rather than return the appellant to the status quo ante following the reversal of his removal on due process grounds, the agency retroactively placed him on administrative leave pending the outcome of the second removal action. *Id.*[3]

¶5      Meanwhile, in this IRA appeal, the administrative judge found on remand that the agency took away the appellant's supervisory duties in reprisal for his protected whistleblowing activity, and ordered corrective action. *Heath v. Department of the Army*, MSPB Docket No. DA-1221-12-0654-B-1 (B-1 File), Tab 12, Remand Initial Decision (RID) (Jan. 27, 2014). Because neither party filed a petition for review, the remand initial decision became the Board's final decision in this matter on March 3, 2014. RID at 13; *see* 5 C.F.R. § 1201.113. The agency subsequently filed notices of compliance in which it explained that because it had removed the appellant on January 17, 2014 (in the removal action at issue in MSPB Docket No. DA-0752-14-0233-I-1), it could not restore the appellant's supervisory duties, but it could only ensure that his personnel record reflected that he performed them, and, in that regard, the agency provided copies of the appellant's position description and of his performance evaluations for 2010-2012, indicating that he served as "Vivarium Operations Manager and Supervisor," B-1 File, Tabs 14-15. The appellant then filed this petition for enforcement.

---

[2] An agency may cure its violation of an employee's right to due process and then take a second removal action on the same charges. *E.g.*, *Lopes v Department of the Navy*, 119 M.S.P.R. 106, ¶ 4 (2012).

[3] A petition for enforcement of the initial decision in MSPB Docket No. DA-0752-13-0408-I-1, in which, among other claims, the appellant challenges his retroactive placement on administrative leave following the reversal of his removal, is currently pending at the regional office. *Heath v. Department of the Army*, MSPB Docket No. DA-0752-13-0408-C-1.

¶6      The administrative judge assigned to the second removal appeal affirmed the agency's action, MSPB Docket No. DA-0752-14-0233-I-1, Tab 20, Initial Decision (May 14, 2014), and the appellant filed a timely petition for review. In a separate nonprecedential remand order, we grant that petition for review because the administrative judge improperly applied the doctrine of collateral estoppel to the substantive charges therein. *See Heath v. Department of the Army*, MSPB Docket No. DA-0752-14-0233-I-1, Remand Order (Feb. 24, 2015).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7      In the instant petition for enforcement, the appellant argued that the agency's act of ensuring that his performance evaluations reflected his supervisory duties does not demonstrate compliance with the remand initial decision. Enforcement File (EF), Tab 1. Citing to evidence already in the record, *see* W-1 File, Tab 3, the appellant described a series of agency actions that he claimed altered the roles, responsibilities, and lines of authority in his workplace, and that he further claimed were "absolutely essential" to his subsequent termination, EF, Tab 1 at 5-6. He argued that those actions represent "the Fruit of a Poisonous Tree" and asserts that, to be in compliance, the agency would also have to change "the erroneous and dishonest false construction of [his] performance" that he claimed was also a result of illegal whistleblower retaliation. *Id.* The agency responded, and the appellant filed a reply to the agency's response. EF, Tabs 4-5.

¶8      In her status conference summary, the administrative judge explained that, because the agency had removed the appellant in a separate action prior to the issuance of the remand initial decision, compliance with her order therein to place him "as nearly as possible in the same situation he would have been had the agency not retaliated against him for whistleblowing," i.e., the status quo ante, could only involve restoring him to his position in the event that he prevailed in the appeal challenging his removal, not as a result of this IRA appeal. EF, Tab 7.

Thus, because the appellant was no longer an agency employee, the administrative judge informed the parties that she "planned on issuing a decision finding that the agency has shown by preponderant evidence that it has complied with the Board's final order" in this matter. *Id.* As noted above, the administrative judge subsequently issued an initial decision in which she found the agency in compliance with the Board's final order. EF, Tab 12, Compliance Initial Decision (CID).

¶9 In his petition for review, the appellant essentially argues that the proper remedy for the reprisal found in this matter requires his exoneration from the charges involved in his removal because those charges were illegally obtained through the prohibited personnel practices found in this matter. Petition for Review File (PFR) File, Tab 1. Thus, he contends that the agency's removal of his supervisory duties resulted in the charges for which he was subsequently removed. *Id.* The agency responds in opposition. PFR File, Tab 4.

¶10 As noted above, the administrative judge found that the agency took away the appellant's supervisory duties in reprisal for his protected disclosures. RID. However, because the appellant's removal is not the personnel action at issue in this IRA appeal,[4] the administrative judge could not have ordered the appellant's restoration in this matter.[5] *Cf.*, *Armstrong v. Department of Justice*, 107 M.S.P.R. 375, ¶¶ 13, 34 (2007) (although an appellant who prevails in an IRA appeal is generally entitled to status quo ante relief, the Board may not, in an

---

[4] The record reflects that, in his Office of Special Counsel (OSC) complaint, the appellant asserted that the agency took away his supervisory duties in reprisal for his protected disclosures. *See* W-1 File, Tab 3 at 94. The record does not reflect that the appellant subsequently amended his OSC complaint to include his removal and so he has not shown exhaustion as to that action.

[5] Although the appellant argues that the removal of his supervisory duties was instrumental in the charges that resulted in his removal, as noted above, his removal is simply not at issue here, only the taking away of his supervisory duties. Such an argument would instead be addressed appropriately as an affirmative defense in the appellant's pending removal appeal, MSPB Docket No. DA-0752-14-0233-I-1.

IRA appeal, review an allegedly retaliatory personnel action that the appellant did not raise before OSC, and, regardless of the exhaustion issue, intervening events may leave the Board without the authority to order the employee's reinstatement). Moreover, we agree with the administrative judge's observation that the outcome of the appellant's second removal appeal, which the Board has remanded to the regional office for further adjudication, controls the result in this matter in that, if he prevails in that action and is restored to his position, the agency also would be required to restore his prior supervisory duties.   CID at 3; *see Heath v. Department of the Army*, MSPB Docket No. DA-0752-14-0233-I-1, Remand Order (Feb. 24, 2015).

¶11      Accordingly, we VACATE the compliance initial decision, and REMAND the appellant's petition for enforcement to the regional office for readjudication following the adjudication of the appellant's remanded removal appeal in *Heath v. Department of the Army*, MSPB Docket No. DA-0752-14-0233-I-1.

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.